UNITED STATES COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

IN ADMIRALTY

CASE NO: _____

IN THE MATTER OF:                              )
                                               )
Seth Gissen, individually                      )
as titled owner of NO RULES II, a              )
2007, 60' Maritimo. her engines,               )
tackle, appurtenances, etc., for Exoneration from )
and/or Limitation of Liability,                )
                                               )
                                   Petitioner. )
_____)

**PETITION FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

COMES NOW the Petitioner, Seth Gissen (hereinafter "Gissen"), as titled owner of the vessel NO RULES II, by and through undersigned counsel and files his Petition for Exoneration from and/or Limitation of Liability pursuant to §30501 *et. seq.* of Title 46 United States Code, Supplemental Rule F and Local Admiralty Rule 6, and, in support thereof states as follows:

1. This is a claim within the admiralty and maritime jurisdiction of this Court, as hereinafter more fully appears.

2. Subject matter jurisdiction arises under 28 U.S.C. § 1333.

3. This is a claim within the admiralty and maritime jurisdiction of this Court within the meaning of Rule 9(h) and supplemental Rule F of the Federal Rules of Civil Procedure.

4. A notice of claim was served upon Gissen on or about April 20, 2012 by counsel for Karla Lansinger, claiming an intent to assert a claim for damages arising from injuries sustained aboard NO RULES II on April 17, 2011. A copy of the notice of claim is attached hereto as Exhibit "A."

5. The events, acts and circumstances giving rise to Lansinger's claim occurred over navigable waters of the United States, during a traditional maritime activity, to-wit: a recreational watercraft anchored in Biscayne Bay for purposes of recreational activity.

6. Specifically, on or about April 17, 2011, Gissen, the owner and licensed operator of NO RULES II, a 2007 60' Maritimo yacht fishing vessel, (hereinafter "NO RULES II" or "the vessel") had navigated NO RULES II into Biscayne Bay and anchored. Aboard the vessel were several guests, including Lansinger. Lansinger alleges that while the vessel was anchored she fell and was injured due to an unspecified unseaworthy condition aboard NO RULES II ("the Incident"). Lansinger claims Gissen was negligent in the care and maintenance of NO RULES II.

7. As a result of the Incident, Lansinger is claiming she suffered a laceration to her chin and a back injury and that both injuries necessitated past and future medical care, treatment, and surgery; and that said injuries affected her past and future earning capacity.

8. As a result of the Incident, Lansinger claims to have incurred unspecified sums of medical expenses which are currently due and owing.

9. NO RULES II was in navigable waters at the time of Lansinger's alleged injury.

10. At all times material hereto, NO RULES II was under the care, custody and control of Gissen.

2

11. Gissen is the owner of NO RULES II, as has sole use of NO RULES II.

12. At all times material prior to the Incident Gissen exercised due diligence to make NO RULES II seaworthy in all respects and to properly man, equip, outfit and supply the vessel with suitable engines, machinery, apparel, appliances, personnel and other appropriate and necessary equipment, all in good condition and suitable for their intended operations.

13. At all times material hereto, Gissen was well qualified, properly trained, and experienced in the use and operation of NO RULES II.

14. NO RULES II was, at all times relevant to the incident described herein, seaworthy and free of any defect or deficiency in her hull, engines, equipment and machinery.

15. NO RULES II employed regular inspection practices to ensure it was properly equipped and outfitted at all times.

16. Any defect or deficiency in the equipment or handling of NO RULES II could not be discovered by way of reasonable inspection.

17. NO RULES II was within the jurisdiction of this Court at the time of the Incident.

18. There was no negligence on the part of Gissen that caused or contributed to any alleged injury or loss or damage sustained by Lansinger or any other potential claimant herein.

19. Instead, NO RULES II at all times material to this action was reasonably manned, utilized and operated and Gissen was appropriately trained and qualified.

20. NO RULES II was anchored at the time of the Incident, and was not in active navigation.

HOUCK ANDERSON
ATTORNEYS AT LAW
200 SOUTH BISCAYNE BOULEVARD, SUITE 300, MIAMI, FLORIDA 33131-2332
TEL (305) 372-9044   FAX (305) 372-5044

21.     Petitioner avers that the cause of this incident was Lansinger's sole negligence in attempting to access the pilot house by climbing up the saloon windows and stepping upon the "eyebrow" that runs along the length of the windows which clearly is not the intended or reasonable access point for the pilot house.  This "eyebrow" is part of the original design and build of the vessel and is an integrated part of the overall hull structure, and not an after-sale addition by Gissen.

22.     Nonetheless, in the event it is determined there was any negligence in: (1) operation of NO RULES II by Gissen or (2) the operation and/or use of the vessel or her equipment, which contributed in any way to any alleged injury, loss or damage on the part of Lansinger, or anyone else who might make a claim, such negligence occurred wholly without the privity and knowledge of Gissen.

23.     By reason of the aforesaid, if no liability should be adjudged and imposed upon Gissen then said Petitioner is entitled to exoneration from or limitation of liability pursuant to §30501, *et. seq.* of Title 46 of the United States Code.

24.     Petitioner avers the value of the NO RULES II at the time of the Incident in April of 2011 did not exceed Seven Hundred and Fifty Thousand and No/100 ($750,000.00) Dollars, as reflected in the Ad Interim Stipulation for Value filed with the Honorable Court and Notice of Valuation and Affidavit of Valuation in support thereof.

WHEREFORE, Petitioner prays:

    A.     This Honorable Court will enter an Order directing the issuance of a Monition to all persons, firms and corporations claiming damages for any and all losses, damages or injuries done, occasioned, sustained, or

HOUCK ANDERSON
ATTORNEYS AT LAW
200 SOUTH BISCAYNE BOULEVARD, SUITE 300, MIAMI, FLORIDA 33131-2332
TEL (305) 372-9044   FAX (305) 372-5044

      incurred by reason of the events described in this Petition, citing them to appear and answer the allegations of this Complaint according to the law and practices of this Honorable Court on or before a date certain and time to be fixed by the Monition;

B. This Honorable Court enter an Injunction restraining the further prosecution and/or commencement hereafter of any and all suits, actions or legal proceeding of any nature or description already begun to recovery damages arising out of, occasioned by or consequent upon the Incident as set forth in this Complaint, except in the present proceeding;

C. This Honorable Court approve the Ad Interim Stipulation for Value filed with the Court as security for the potential claims subject to the Claimants' right to challenge the security as permitted by the Supplemental Rules and Local Admiralty Rules;

D. This Honorable Court adjudge and decree:

1. That Petitioner is not liable to any extent, but is exonerated from any responsibility, loss, damage, or injury, nor for any claim whatsoever in any way arising out of the Incident; or

2. That if the Petitioner shall be judged liable, then such liability shall be limited to the value of its interest in NO RULES II immediately following the Incident and be divided in accordance with the Claimants as may duly prove their claims, saying to all parties any priorities that they

HOUCK ANDERSON
ATTORNEYS AT LAW
200 SOUTH BISCAYNE BOULEVARD, SUITE 300, MIAMI, FLORIDA 33131-2332
TEL (305) 372-9044   FAX (305) 372-5044

may be legally entitled and that a decree may be entered discharging Petitioner of all further liability;

E. That Petitioner may have such other and further relief as this Court deems just and proper.

DATED this 18th day of October, 2012.

                          Respectfully submitted,

                          HOUCK ANDERSON P.A.

                          *s/ Krista Fowler Acuña*

                          Krista Fowler Acuña (Fla. Bar No. 650791)
                          Houck Anderson PA
                          200 S. Biscayne Blvd., Suite 300
                          Miami, Florida 33131
                          Telephone: 305-372-9044
                          Facsimile: 305-372-5044
                          Attorneys for Defendant Gissen

6

HOUCK ANDERSON
ATTORNEYS AT LAW
200 SOUTH BISCAYNE BOULEVARD, SUITE 300, MIAMI, FLORIDA 33131-2332
TEL (305) 372-9044 FAX (305) 372-5044

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2012, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.

HOUCK ANDERSON
ATTORNEYS AT LAW
200 SOUTH BISCAYNE BOULEVARD, SUITE 300, MIAMI, FLORIDA 33131-2332
TEL (305) 372-9044   FAX (305) 372-5044